

## JACOBS & HAZAN, LLP

David M. Hazan, Esq.
22 Cortlandt Street, 16th Floor
New York, New York 10007
Phone: (212) 419-0363
Fax: (212) 283-5003
dhazan@jacobshazan.com

September 12, 2011

**VIA ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York  11201

Re:  <u>Matthews and Allan v. City of New York et al.</u>, 10 CV 4991 (KAM)(RLM)

Your Honor:

I represent the plaintiffs in the above-referenced case, wherein plaintiffs allege that the defendants violated their Fourth and Fourteenth Amendment Rights when they were falsely arrested and maliciously prosecuted.  In that regard I write to respectfully request that the Court (1) grant the parties a sixty (60) day enlargement of time to complete fact discovery from September 16, 2011 until November 15, 2011; (2) Order defendants Police Officer Kenneth Miller and Police Officer Vitali to Answer the Complaint on or before September 16, 2011 or risk being held in default; and (3) compel defendants, pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure to produce certain outstanding discovery and to properly respond to "Plaintiffs' First Set of Interrogatories and Request For Production of Documents To Defendants" which were served on defendants on March 10, 2011.[1]  Please note that the parties have spent extensive time meeting and conferring about the disputes raised herein and several disputes were resolved between the parties.  Defendants consent to plaintiffs' requests (1) for a sixty-day extension of time to complete fact discovery until November 15, 2011; and (2) to produce all outstanding paper discovery on, or before September 16, 2011.  Counsel for defendant City of New York objects to plaintiffs' request for the Court to Order defendants Miller and Vitali to respond to Answer the Complaint on or before September 16, 2011 and requests an additional thirty days, until October 12, 2011 for defendants Police Officer Kenneth Miller and Police Officer Vitali to respond to the Complaint.[2]

---

[1] Plaintiffs are aware that Your Honor requires motions involving discovery disputes be less than three pages.  Here, the portion of plaintiff's letter related to discovery disputes is only two pages.  Rather than filing separate letter applications for each issue not involving discovery, plaintiffs filed one application that addresses the remaining issues in this case.
[2] At this time plaintiffs cannot consent to additional time for defendants to respond to Answer the Complaint because discovery is scheduled to close on September 16, 2011.  Should the Court grant plaintiffs' request for a sixty-day enlargement of time to complete fact discovery then

I.      **Request for a Sixty Day Extension of Time to Complete Fact Discovery.**

There are several reasons for the Court to grant plaintiffs' application for a sixty-day enlargement of time, until November 15, 2011 to complete fact discovery. By way of background, plaintiffs filed this lawsuit on or about October 29, 2010. An Initial Conference was held on March 10, 2011 and a discovery schedule was set at the Initial Conference. Plaintiff served defendants with Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendants at the Initial Conference on March 10, 2011. Moreover, plaintiffs served defendants with Notices of Deposition for each of the named police officer defendants at the Initial Conference. The defendant Police Officers depositions were all schedule to proceed in May, 2011, however none of the defendants appeared for their depositions. The Court also scheduled a settlement conference that was scheduled to occur on May 24, 2011. The Assistant Corporation Counsel assigned to represent defendant City of New York in this case, left the Corporation Counsel's Office on or about March 11, 2011. The case was purportedly reassigned to Assistant Corporation Counsel Gregory Mouton, but counsel for plaintiffs were not notified that the case was transferred to Mr. Mouton.

On May 24, 2011 counsel for plaintiffs and plaintiffs themselves rearranged their schedules to appear in Court for a settlement conference, pursuant to this Court's Order. However, defense counsel who took over the case from the originally assigned attorney failed to appear for the conference. The Court adjourned the conference until June 15, 2011 and ordered defense counsel to familiarize himself with the case in the interim. See Docket Entry Number 13. For these reasons, very little discovery was conducted in this case until after the settlement conference that was held on June 15, 2011.

Unfortunately, even after the parties were unable to settle this case at the settlement conference, counsel for defendants continued to neglect discovery in this case. Defendants neglected to respond to plaintiffs' discovery requests. By letter, dated August 8, 2011 plaintiffs advised defendants that their responses to plaintiffs' discovery demands were four months overdue, but as a courtesy plaintiffs gave defendants an opportunity to provide plaintiffs with their responses on or before August 12, 2011. Defendants did not respond to plaintiffs letter, nor did they provide plaintiff with responses to the discovery requests. Therefore, by letter application to the Court, dated August 19, 2011, plaintiff's requested that the Court compel defendants to respond to plaintiffs' discovery requests by a date certain. In response to plaintiffs' letter application to the Court, dated August 19, 2011, defendants finally responded to plaintiffs' First Set of Interrogatories and Document Requests. Importantly, it was not until the very end of August, 2011 that defendants finally produced responses to plaintiffs' discovery requests. This left plaintiffs with very little time to meet and confer with counsel for defendants about paper discovery disputes, to seek Court intervention to resolve the disputes, if necessary, and to

---

plaintiffs would become more amendable to consenting to additional time for the officers to Answer to the Complaint.

schedule and take the defendants' depositions before the close of discovery on September 16, 2011.

Finally, upon trying to re-schedule the depositions of the defendant police officers with counsel for defendants, I was notified by counsel for defendants that he was not available to defend the depositions of defendants Police Officer Granahan and Sgt. Marino until October 3, 2011 and October 6, 2011, after discovery has closed. Moreover, by letter e-mailed to me on September 9 2011, counsel for defendants advised that either defendant Vitali or Miller is out of the country, but he didn't specify which defendant. Further, it appears from defense counsel's letter, e-mailed September 9, 2011 that he has not spoken to the remaining defendant. To date, counsel for defendants has not provided plaintiffs with dates when the two remaining officers involved in the underlying incident are available to be deposed.

For the reasons set forth above, it would be nearly impossible for plaintiffs to complete fact discovery on or before the currently discovery deadline of September 9, 2011. Therefore, plaintiffs respectfully request that the Court grant the parties a sixty (60) day enlargement of time to complete fact discovery from September 16, 2011 until November 15, 2011. The extension of time will allow the parties to resolve the remaining disputes involving paper discovery and to take the depositions. We thank the court for its understanding regarding these issues.

## II. Defendants Police Officers Miller and Vitali's Answer to the Complaint is Long Overdue.

Second, a review of the docket sheet indicates that defendants Officer Kenneth Miller and Police Officer Vitali were served with the Complaint on December 7, 2010. See Affidavit's of Service, Docket Sheet Entry Nos. 6 and 7. To date, defendants Miller and Vitali have failed to respond to the Complaint. Their Answers were due in December, 2011 and are now approximately nine months overdue. Plaintiffs have not been provided with any explanation for why defendants Miller and Vitali have neglected to Answer the Complaint. Upon information and belief, the office of the Corporation Counsel is attempting to reach out to defendants Miller and Vitali, but has not been able to speak with them and does not yet represent them. To avoid unnecessary motion practice, plaintiffs consented last Thursday to have defendants Vitali and Miller's an Answer on or before September 9, 2011, the date when discovery is scheduled to close in this case. Plaintiffs respectfully request that this Court Order defendants Police Officer Kenneth Miller and Police Officer Vitali to Answer the Complaint on or before September 16, 2011 or risk being held in default.

## III. Discovery Disputes

As explained above, the parties have met and conferred regarding discovery disputes in this case and defendants have agreed to produce certain documents to plaintiffs on or before September 16, 2011. Plaintiffs respectfully request that this Court compel plaintiffs to produce all agreed upon paper discovery, including (1) a privilege log in compliance with the Federal Rules of Civil Procedure, listing each document that has been withheld because defendants are asserting a privilege and/or confidentiality, and (2) the names of all witnesses known to defendants, including the Desk Sergeant on duty at the time plaintiffs were brought to the Precinct on the date of incident.

Second, plaintiffs note that the four police officer defendants in this case arrived at the bar where plaintiffs were located on the date of incident because there were 911 calls that gun shots were fired at the location. Additionally, when they arrived at the location they observed plaintiff Zambena Allan severely beaten. To date, defendants have only identified the four defendant officers as officers who responded to the scene of the incident. Moreover, to date, defendants have not produced the names of any civilians who witnessed or were present at the location when the gunshots were fired. It is not credible to believe that in response to a 911 call as serious as gunshots fired, that only four police officers, traveling in one vehicle, responded to the scene of the incident to investigate. Plaintiffs request that defendants produce the names of all of the police officers who responded to the scene of the incident or to affirmatively state that it is their position that only four officers in one car responded to the scene of an alleged shooting.

Third and similarly, it is incredible that officers who responded to the scene of the alleged shooting failed to investigate what occurred and interview witnesses to the alleged shooting. To date, defendants have not produced the names of any civilian witnesses that were present at the scene of the incident or who were interviewed by the police officers at the scene of the incident. Plaintiffs request that defendants produce the names of all witnesses at the scene of the incident who were spoken to and/or interviewed by police officers or to affirmatively state that the officers investigating the shooting failed to interview any witnesses or take down the names of an witnesses to the incident.

Fourth, plaintiffs' Document Requests Nos. 14, 17, 36 and 37 request that defendants produce rules and regulations and training regarding probable cause to arrest, reasonable suspicion to pull over a motor vehicle, detection and elimination of racial prejudice and/or ethnic bias on the part of candidates for the Police Academy and employees of the NYPD, protocol on providing medical attention to injured prisoners, interrogating suspects, and obtaining and procuring confessions from arrestees or suspects. In the instant case, such training is reasonably calculated to lead to the discovery of admissible evidence regarding each of plaintiffs' claims and regarding defendants' qualified immunity defense. To the extent, the officers intend to argue that they acted reasonably because they relied upon the training given by the NYPD then such documents are clearly relevant. Therefore, plaintiffs respectfully request that the Court order defendants to properly and completely respond to the requests by September 9, 2011.

Fifth, defendants' responses to plaintiffs' Document Requests, Nos. 2, 12, 16 and 19 are inadequate. Document Requests Nos. 2, 12, 16 and 19 request District Attorneys' documents related to the underlying incident in this case, including but not limited to documents related to the prosecution of Mkubwa Matthews, the minutes from the Grand Jury proceedings and criminal Court transcripts. Defendants have not produced the entire file from the Kings County District Attorney's Office.[3] The basis for this belief is that defendants produced, as part of their production, additional documents that were produced by the Office of the District Attorney to plaintiff's criminal defense attorney during the course of the prosecution against plaintiff Matthews. Plaintiffs claim that they were falsely arrested and maliciously prosecuted. Thus, they are clearly entitled to discover the documents and information that were in the possession of the District Attorney's Office during the prosecution of plaintiff. Counsel for defendants has

---

[3] Upon information and belief, the King's County District Attorney's Office is represented by the Office of the Corporation Counsel for the purpose of producing documents in this case.

advised that he produced what he was provided by the District Attorney's Office and he has refused to take additional steps to follow up with the King's County District Attorney's Office to ensure a complete file is produced. To the extent any documents are being withheld defendant City of New York should be required to include them on a privilege log. Plaintiffs respectfully request that the Court Order defendants to provide complete responses to Plaintiff's Document Requests Nos. 16 and 19 on or before September 9, 2011.

Sixth Defendants' responses to plaintiffs' Document Request Nos. 13, 14, 21, 22, 23, 24, 25, 29, 30, 31, and 32, which request various documents relating to, among other things, disciplinary and personnel records of the individual defendant police officers and non-party police officers are completely deficient. As an initial matter, defendant City of New York objects to producing any files elated to the defendants Miller and Vitali because they are net yet joined in this case and are in default. The City of New York did not assert a privilege for documents related to those officers and does not have a basis for that objection. Defendants have agreed to produce a redacted list of substantiated and unsubstantiated complaints made against the police officers that are similar in nature to plaintiffs' allegations or relate to truthfulness. However, defendants have not agreed to produce the underlying files related to the Complaints against the officers or even a detailed summary of the underlying Complaints. To date, defendants have not produced the requested information to plaintiffs and plaintiffs respectfully request that the Court compel defendants top produce the information before September 9, 2011.

Thank you for your attention to these matters.

Very truly yours,

JACOBS & HAZAN, LLP

David M. H.

DAVID M. HAZAN, ESQ.

Cc: Via ECF
ACC Gregory P. Mouton
New York City Law Department
100 Church Street
New York, New York 10007