UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MKUBWA MATTHEWS, et al.,

                Plaintiffs,                **MEMORANDUM AND ORDER**

      -against-                         10-CV-4991 (KAM)(RLM)

**CITY OF NEW YORK, et al.,**

                Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion filed by plaintiffs to compel certain discovery from defendants, see Letter to the Court from David M. Hazan (Sept. 12, 2011) ("Pl. Letter"), ECF Docket Entry ("DE") #19,[1] and defendants' response thereto. See Letter to the Court from Gregory Mouton (Sept. 16, 2011) ("Def. Letter"), DE #23. For the reasons that follow, plaintiffs' application is granted in part and denied in part.

      As an initial matter, it appears that a number of plaintiffs' demands are moot. Defendants represent that they have already produced the names of all the witnesses known to them at the time of the incident and (while asserting that "no documents have been withheld") have agreed to produce a privilege log. Def. Letter at 1. Although plaintiffs challenge the credibility of defendants' assertion that the officers did not take notes or obtain the names of any persons with whom they spoke, compare Pl. Letter at 4 with Def. Letter at 2, a discovery motion is not the proper vehicle for testing the credibility of the individual defendants.

---

[1] Plaintiffs also requested an extension of the fact discovery deadline and the Court's imposition of a deadline for defendants Miller and Vitali to respond to the complaint. See Pl. Letter. The Court has already responded to those requests. See Endorsed Order (Sept. 13, 2011), DE #21.

Plaintiffs are free to question the defendants at deposition about their note-taking and recordkeeping practices and, if the case goes to trial, to cross-examine them on these matters. To the extent that plaintiffs demand that defendants "affirmatively state that the officers investigating the shooting failed to interview any witnesses or take down the names of an[y] witnesses to the incident," Pl. Letter at 4, defense counsel has already done so. See Def. Letter at 2.[2]

In response to plaintiffs' demands for police rules and regulations regarding probable cause, reasonable suspicion, interrogation and the like, see Pl. Letter at 4, defendants state that they "have referred plaintiff to the NYPD Patrol Guide, which is a publicly available document." Def. Letter at 2. As for plaintiffs' demand for documentation regarding the "detection and elimination of racial prejudice and/or ethnic bias on the part of candidates for the Police Academy and employees of the NYPD," Pl. Letter at 4, plaintiffs' counsel may inquire during the depositions of defendants whether they received any training regarding racial and/or ethnic sensitivity.

With respect to documents in the hands of the Kings County District Attorney's Office ("DA's Office"), plaintiffs apparently are mistaken in their assumption that the Office of the Corporation Counsel represents the DA's Office in connection with this discovery dispute. Compare Pl. Letter at 4 & n.3 with Def. Letter at 2. Defense counsel has reportedly produced everything in his possession. See Def. Letter at 2. Indeed, it appears that plaintiffs' counsel may already have more of the DA's file than does defense counsel. See Pl. Letter at 4

---

[2] It is unclear from the parties' submissions whether the information sought was via document demands or interrogatories. If the latter, defendants shall serve a sworn response by September 26, 2011.

(referencing additional documents produced by the DA's Office "to plaintiff's criminal defense attorney during the course of the prosecution against plaintiff Matthews").

Lastly, plaintiffs request documents relating to the disciplinary and personnel records of the individual defendants.  See Pl. Letter at 5.  Earlier today, this Court so-ordered (with modifications) a stipulation protecting such documents from public disclosure.  With this confidentiality order in place, no reason appears to delay production of these records.  Defendants shall produce them by September 26, 2011.  Plaintiffs' motion for a compulsion order is otherwise denied for the reasons stated herein.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**September 19, 2011**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**